# United States Court of Appeals for the Federal Circuit

---

**CHARLES D. BURRIS, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

-------------------------------------------------------------------------------

**BEN H. THOMPSON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2001, 2017-2003

---

Appeals from the United States Court of Appeals for Veterans Claims in Nos. 14-2980, 15-768, Chief Judge Robert N. Davis, Judge Coral Wong Pietsch, Judge William Greenberg.

---

Decided: May 2, 2018

---

DOUGLAS J. ROSINSKI, Douglas J. Rosinski Esq., Inc., Columbia, SC, argued for claimants-appellants.

THOMAS JAMES REED, Widener University, Wilmington, DE, for claimant-appellant Charles D. Burris, Jr.

VERONICA NICOLE ONYEMA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Charles D. Burris, Jr. and Ben H. Thompson appeal from decisions of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying their respective requests for equitable relief. *See Burris v. McDonald*, No. 14-2980, 2016 U.S. App. Vet. Claims LEXIS 1941 (Vet. App. Dec. 20, 2016) ("*Burris Decision*"); *Thompson v. Shulkin*, No. 15-0768, 2017 U.S. App. Vet. Claims LEXIS 335 (Vet. App. Mar. 8, 2017) ("*Thompson Decision*"). Because we hold that the Veterans Court lacks jurisdiction to grant the particular form of equitable relief that Appellants seek, we affirm.

## BACKGROUND

These consolidated appeals involve two cases that present similar issues related to Appellants' requests for educational assistance benefits. We summarize each case below.

## I. Burris's Case (No. 17-2001)

Burris's father served on active duty in Vietnam from February 1969 to January 1971, and was granted a permanent and total disability rating for schizophrenia effective October 1, 2000. Because of his father's disability, Burris was eligible to receive Dependents' Educational Assistance ("DEA") benefits. In October 2010, Burris, then 35-years old, elected to receive retroactive benefits for the period beginning on May 7, 2002, and ending on May 7, 2010. During a portion of that period, Burris was enrolled as an undergraduate student at Southeastern Louisiana University.

Burris's studies were interrupted in January 2005, however, when his mother unexpectedly passed away. At that time, Burris became the primary caretaker for his father, who suffered from prostate cancer. As a result, Burris was unable to attend school between August 16, 2004, and May 10, 2010. Burris could not resume his studies until after his period of DEA eligibility had expired.

The Department of Veterans Affairs ("VA") notified Burris that it could not grant DEA benefits after the expiration of his eligibility period, and thereafter denied Burris's request for an extension of that period, citing VA regulations that prohibit extensions for dependents "beyond age 31." 38 C.F.R. §§ 21.3041(g)(1), (g)(2), 21.3043(b). The VA also refused to reimburse Burris for educational expenses incurred from 2002 to 2004 because DEA benefits cannot be paid for expenses incurred more than one year prior to Burris's October 2010 application date. The Board of Veterans' Appeals ("Board") likewise denied Burris's request for an extension. Although it expressed sympathy for Burris, it stated that it was bound by applicable law and "is without authority to grant benefits simply on the basis of equity." J.A. 34.

The Veterans Court affirmed on appeal. The court held that the Board correctly determined that it was without jurisdiction to grant equitable relief. *Burris Decision*, 2016 U.S. App. Vet. Claims LEXIS 1941, at \*5–14. Citing 38 U.S.C. § 503—which gives the Secretary of the VA authority to pay "moneys to any person whom the Secretary determines is equitably entitled"—the court determined that only the Secretary may provide such relief. *Id.* at \*5–13.

As relevant here, the court also determined that it could not itself exercise equitable powers to extend Burris's eligibility deadline, noting that it is devoid of such authority. *Id.* at \*14 (citing *Fritz v. Nicholson*, 20 Vet. App. 507 (2006); *Moffitt v. Brown*, 10 Vet. App. 214 (1997); *Owings v. Brown*, 8 Vet. App. 17 (1995)). The court therefore affirmed the Board's decision denying relief.[1]

## II. Thompson's Case (No. 17-2003)

Thompson served intermittently in the U.S. Navy and Air Force from 1975 to 2012. Under statutory law, Thompson was entitled to receive 48 months of educational assistance benefits for his time in service. As of May 2011, Thompson had used 44 months and 22 days of entitlement and therefore had a period of 3 months and 8 days remaining.

---

[1] At oral argument before this court, the government represented that Burris petitioned the Secretary for relief after the Veterans Court rendered its decision. Oral Arg. at 22:47–23:10, *Burris v. Wilkie* (No. 2017-2001), http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2017-2001.mp3. The Secretary has not yet responded to that petition and is apparently waiting for the outcome of these appeals before doing so. *Id.*

On July 7, 2011, the VA sent Thompson a Certificate of Eligibility ("COE") accurately indicating that he had only 3 months and 8 days of full-time benefits available.[2] One day later, however, the VA sent Thompson a second COE erroneously indicating that he had 36 months of full-time benefits remaining. Relying in part on the second COE, Thompson transferred his remaining eligibility to his son so that he could attend the University of South Carolina School of Law, the more expensive of the two schools that he was considering attending.[3]

After Thompson's son enrolled, the VA refused to provide 36 months' worth of benefits, and Thompson alleges that he incurred approximately $50,000 of additional education-related expenses. The Board affirmed the VA, stating that it "has no authority to grant additional benefits on an equitable basis," and noting that only the Secretary has such authority. J.A. 40.

Shortly thereafter, Thompson wrote a letter to the Secretary pleading for equitable relief. The Secretary denied that request, stating that Thompson was not entitled to relief because he was "not denied a benefit due to an error on the part of an employee of the federal government" and did not "suffer a financial loss due to reliance on an incorrect decision by the" VA. J.A. 135.

Meanwhile, the Veterans Court affirmed the Board, reiterating that only the Secretary "has the authority to act upon requests for equitable relief in certain circumstances." *Thompson Decision*, 2017 U.S. App. Vet. Claims

---

[2] Thompson testified at a Board hearing that he never received the July 7, 2011 COE.

[3] There is some evidence in the record suggesting that Thompson also relied on a March 22, 2014 VADIR Information Report and the VA's website, which indicated that he had 36 months of remaining eligibility.

LEXIS 335, at *4. The court also expressed sympathy for Thompson's predicament but determined that it "is bound by the controlling statutes and is without jurisdiction to grant equitable relief." *Id.* at *3–4.

Appellants separately filed timely appeals, which were consolidated before this court.

## DISCUSSION

Appellants argue that the Veterans Court wrongly concluded that it lacks jurisdiction to grant equitable relief. Before addressing the Veterans Court's jurisdiction, however, we first address our own.

## I. Jurisdiction

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1); *see also id.* § 7292(a); *Halpern v. Principi*, 384 F.3d 1297, 1300 (Fed. Cir. 2004). Absent a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C § 7292(d)(2).

The government asserts that we lack jurisdiction over these appeals because Appellants do not raise a constitutional issue or an issue concerning the validity or interpretation of a statute or regulation that the Veterans Court relied upon in its decisions. But, as the government conceded at oral argument, *see* Oral Arg. at 20:40–22:37, these appeals require us to interpret the scope of the Veterans Court's jurisdictional statute, 38 U.S.C. § 7252, an exercise that falls squarely within our jurisdiction, *see Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000) ("The jurisdictional reach of the Veterans Court presents a question of law for our plenary review."); *see also Bailey v. West*, 160 F.3d 1360, 1362 (Fed. Cir. 1998) (en banc)

("Because our review of this decision involves a question of statutory interpretation—namely the ability of the Court of Veterans Appeals to equitably toll a particular statutory time limit and thereby exercise jurisdiction over a late-filed notice of appeal—we have jurisdiction over this matter."). Our review of the Veterans Court's *own* interpretation of its jurisdictional statute, moreover, presents "questions of legal interpretation" that are also "clearly within our jurisdiction." *Cox v. West*, 149 F.3d 1360, 1362 (Fed. Cir. 1998).

With respect to Burris, the government additionally argues that his appeal amounts to an impermissible request for an advisory opinion insofar as he argues that the Veterans Court may review the Secretary's denial of equitable relief under § 503, because Burris failed to petition the Secretary for such relief before filing his appeal to the Veterans Court. We disagree. Burris does not argue that the Veterans Court has jurisdiction to review the *Secretary's* discretionary decisions under § 503; he assumes it does not for purposes of his appeal. Instead, he argues that the *Veterans Court* itself has jurisdiction to grant the equitable relief that he seeks. Thus, that Burris did not seek equitable relief before filing his appeal to the Veterans Court does not render his appeal to this court a request for an advisory opinion.

With respect to Thompson, the government additionally argues that his appeal requires us to weigh the equities of his case, which we may not do. Again, we disagree. Thompson does not request that we address the merits of the Veterans Court's decision, and, in fact, he could not do so given that the court never reached the merits of Thompson's challenge. Nor does he ask that we review the Secretary's denial of his request for relief under § 503. The sole issue on appeal is a legal one—i.e., whether the Veterans Court may grant the equitable relief that Thompson seeks. We turn now to the merits of that issue.

## II.  The Veterans Court Does Not Have Jurisdiction
to Grant the Equitable Relief
that Appellants Seek

We begin by defining the contours of these appeals. Importantly, Appellants do *not* contest, for purposes of these appeals, that (1) at the time they sought relief from the VA, they were not eligible for such relief under title 38 of the U.S. Code and applicable VA regulations; and (2) the Veterans Court lacks authority to review the Secretary's grant or denial of equitable relief under § 503. Instead, Appellants ask us to conclude that the Veterans Court *itself* has authority to grant equitable relief as a general matter.  *See* Appellants Br. 10; Reply 2.

We decline Appellants' invitation to resolve these appeals on such broad grounds, as their actual requests for relief are far more limited in scope.  Thompson seeks restitution in the amount of the out-of-pocket expenses he incurred paying for his son's legal education.  *See, e.g.*, Appellants Br. 24 ("Mr. Thompson sought relief from the Veterans Court for the difference in out-of-pocket costs to him from the Secretary's error."); Reply 5 n.1 ("Mr. Thompson is not seeking 'educational benefits,' but the amount he expended because of his detrimental reliance on the Secretary's representations."); Oral Arg. at 3:10–17 ("In Mr. Thompson's case, it is . . . approximately a $50,000 reliance harm . . . .").  And, although Burris asserted for the first time at oral argument that he seeks "equitabl[e] tolling [of] the time limit for the benefit that he was seeking below," Oral Arg. at 3:50–57, that request is functionally equivalent to one for retroactive DEA benefits.

In other words, Appellants ask us to conclude that the Veterans Court should have used its purported equitable authority *to grant monetary relief*.  We therefore limit our analysis to this particular issue.

### A.  The Veterans Court's Jurisdictional Statute
### Limits the Reach of its Authority

The Veterans Court, as an Article I tribunal, is a creature of statute by definition.  *See* 38 U.S.C. § 7251 ("There is hereby established, under Article I of the Constitution of the United States, a court of record to be known as the United States Court of Appeals for Veterans Claims.").  As such, the court can only act through an express grant of authority from Congress.  *See Dixon v. McDonald*, 815 F.3d 799, 803 (Fed. Cir. 2016) ("Courts created by statute can have no jurisdiction but such as the statute confers." (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988)).  To resolve Appellants' challenge, therefore, we must construe the Veterans Court's jurisdictional statute to determine whether it allows the court to provide the equitable relief they seek.  *See id.* ("The Veterans Court was created by statute, so we look first to that statute to determine the scope of its authority.").

"As in any case of statutory construction, our analysis begins with the language of the statute." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (internal quotation marks omitted).  The Veterans Court's jurisdictional statute, 38 U.S.C. § 7252(a), provides it with "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." *Id.* § 7252(a).  The Board's jurisdictional statute, in turn, provides it with jurisdiction to review "[a]ll questions in a matter which under section 511(a) of this title is subject to decision by the Secretary." *Id.* § 7104(a).  Finally, § 511(a) states that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary *under a law* that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." *Id.* § 511(a) (emphasis added).  In other words, the Veterans Court has jurisdiction to review Secretary decisions, appealed from the Board, made "under a law" affecting the provision of benefits.

Section 7261, which sets forth the Veterans Court's "scope of review," similarly permits the court to decide only "relevant *questions of law*, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary[.]" *Id.* § 7261(a)(1) (emphasis added). Further, the court may compel only those actions of the Secretary that are "unlawfully withheld or unreasonably delayed," *id.* § 7261(a)(2), and set aside only those Board decisions that are *unlawful*—i.e., arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to a constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law, *id.* § 7261(a)(3); *see also id.* § 7261(a)(4). These provisions make clear that the Veterans Court is statutorily permitted to review Secretary decisions involving legal and factual questions related to statutory benefits. The statutes say nothing about the court's ability to grant the extra-statutory relief that Appellants seek here. That omission, when read in the context of the Veterans Court's statutory review scheme, suggests that the court does not have jurisdiction to grant such relief.

The only provision in title 38 that addresses equitable relief in this context is § 503. Titled "Administrative error; equitable relief," § 503 provides, in relevant part, that the Secretary may grant relief, "including the payment of moneys to any person whom the Secretary determines is equitably entitled":

If the Secretary determines that a veteran, surviving spouse, child of a veteran, or other person has suffered loss as a consequence of reliance upon a determination by the Department of eligibility or entitlement to benefits, without knowledge that it was erroneously made, *the Secretary may provide such relief on account of such error as the Secre-*

*tary determines is equitable, including the payment of moneys* to any person whom the Secretary determines is equitably entitled to such moneys.

38 U.S.C. § 503(b) (emphasis added).[4] In other words, § 503 provides the Secretary with the authority to grant the precise relief that Appellants request here, and the Secretary has not delegated that authority. *See* 38 C.F.R. § 2.7(c) (stating that the authority under § 503 "has not been delegated and is reserved to the Secretary").

The Veterans Court's jurisdictional statute, § 7252, must be interpreted in light of § 503. *See King v. Burwell*, 135 S. Ct. 2480, 2489 (2015) (stating that courts must read the words of a statutory provision "in their context and with a view to their place in the overall statutory scheme" (internal quotation marks omitted)). That the equitable relief which Appellants request expressly appears in § 503 but not in § 511(a)—which, as described above, is effectively incorporated into the Veterans Court's jurisdictional statute—suggests that Congress intended for § 511(a) *not* to encompass such relief. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks omitted)).

Further, that Congress has given the Secretary the discretionary authority to provide the equitable relief that

---

[4] In 2016, the Secretary granted equitable relief in twenty cases, many of which involved the payment of moneys. *See* Dep't Vet. Affairs, Disposition of Recommendations for Equitable Relief Submitted to the Secretary in Calendar Year 2016, https://www.data.va.gov/sites/default/files/2016%20Equitable%20Relief.pdf.

Appellants seek suggests that Congress intended for the Secretary to be the exclusive avenue by which a claimant may seek such relief. *See TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." (internal quotation marks omitted)); *see also Jackson v. Shinseki*, 338 F. App'x 898, 902 (Fed. Cir. 2009) (per curiam) (affirming the denial of a petition for a writ of mandamus, and noting that the Veterans Court has held "that the Secretary's authority to grant equitable relief under section 503 is wholly within the Secretary's discretion and that the Veterans Court does not have the power to compel the Secretary to exercise his authority to grant equitable relief"). This interpretation is consistent with the relevant legislative history, which refers only to the Veterans Court's authority to review benefits provided by statute, not equity. *See, e.g.*, H.R. Rep. No. 100-963, at 5 (1988) ("The Court of Veterans Appeals would have exclusive jurisdiction to consider all questions involving benefits under laws administered by the VA. This would include factual, legal, and constitutional questions."); S. Rep. No. 100-418, at 29 (1988) (noting that "the basic purpose" of creating judicial review in federal courts "is to ensure that veterans and other claimants before the VA receive all benefits to which they are entitled").

A contrary interpretation of the Veterans Court's jurisdiction, moreover, would raise serious concerns involving the Appropriations Clause of the Constitution, U.S. Const., art. I, § 9, cl. 7, which mandates that "payment of money from the Treasury must be authorized by statute," *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990). If the Veterans Court's jurisdictional statute were read to allow claimants to obtain, on equitable grounds, monetary relief that they are not otherwise eligible to receive under substantive statutory law, claimants could

invoke the court's jurisdiction as an end run around that law. Such extra-statutory monetary relief against the government presents potential Appropriations Clause problems. *See Richmond*, 496 U.S. at 426 ("[J]udicial use of [an] equitable doctrine . . . cannot grant . . . a money remedy that Congress has not authorized."); *McCay v. Brown*, 106 F.3d 1577, 1581 (Fed. Cir. 1997) ("Although equitable estoppel is available against the government, it is not available to grant a money payment where Congress has not authorized such a payment or the recipient doesn't qualify for such a payment under applicable statutes."). We decline to interpret the Veterans Court's jurisdictional statute in a manner that runs afoul of—or, at a minimum, raises serious questions pertaining to—this constitutional restriction. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 836 (2018) ("Under the constitutional-avoidance canon, when statutory language is susceptible of multiple interpretations, a court may shun an interpretation that raises serious constitutional doubts and instead may adopt an alternative that avoids those problems.").

We reach this same conclusion analyzing the issue through the lens of sovereign immunity. The doctrine of sovereign immunity bars suits against the United States unless Congress has effected a waiver. *See United States v. Sherwood*, 312 U.S. 584, 586–87 (1941). That waiver "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted). The Veterans Court's jurisdictional statute does not contain an express waiver of sovereign immunity with respect to the particular relief that Appellants seek. *Cf. Smith v. Gober,* 14 Vet. App. 227, 231 (2000) (refusing "to infer from the general language of section 503 that Congress has expressly consented to a waiver of sovereign immunity allowing the payment of interest"), *aff'd*, 281 F.3d 1384 (Fed. Cir. 2002).

Appellants argue that Congress could not have intended for § 503 to restrict the authority of the Veterans Court to grant equitable relief because the predecessor of the Veterans Court was not created until 1988, long *after* the predecessor to § 503 was enacted. *See* Pub. L. No. 100-687, Title III, Sec. 301, 102 Stat. 4105, 4113 (1988) (creating predecessor to the Veterans Court); Pub. L. No. 89-785, Title III, Sec. 301, 80 Stat. 1368, 1376 (1966) (predecessor to § 503, "correction of administrative error"). But that order of enactment does not compel a different conclusion. After having created the Veterans Court, Congress had ample opportunity to amend the court's jurisdictional statute to provide for equitable relief, or, alternatively, repeal § 503, and yet it did not do so. Despite making several non-substantive changes between 1991 and 1994 to the statute governing the chief administrator's authority and the Board's jurisdiction, Congress did not change the statutory language regarding the scope of the Veterans Court's jurisdiction, even though existing Veterans Court precedent held that the court lacked equitable authority. *See, e.g.*, *Schleis v. Principi*, 3 Vet. App. 415, 418 (1992) ("[T]his Court is a court of law and our jurisdiction is defined by a statute which precludes consideration of claims which have been the subject of final denials. Only the Secretary is permitted by statute to take equitable considerations into account in reviewing claims for administrative error."). This inaction reinforces our conclusion that Congress did not intend for the Veterans Court to exercise equitable authority reserved for the Secretary.

Thus, based on a plain reading of the Veterans Court's jurisdictional statute, in conjunction with § 503 and the other considerations recited above, we conclude that the Veterans Court lacks jurisdiction to grant the equitable relief that Appellants seek.

### B.  The Veterans Court's Purported Inherent Equitable Powers Do Not Allow it to Grant the Relief that Appellants Seek

Appellants assert that, notwithstanding the statutory limits to the Veterans Court's jurisdiction discussed above, the Veterans Court has broad inherent equitable powers to grant their requested relief.  In support of that assertion, they cite to cases where the Veterans Court has granted—or has been authorized to grant—non-substantive forms of equitable relief during the course of a proceeding, such as equitable tolling of a filing deadline. *See, e.g.*, *Monk v. Shulkin*, 855 F.3d 1312, 1318–22 (Fed. Cir. 2017) (holding that the Veterans Court has authority to certify classes); *Padgett v. Nicholson*, 473 F.3d 1364, 1367–68 (Fed. Cir. 2007) (holding that the Veterans Court has authority to issue judgment *nunc pro tunc*); *Ribaudo v. Nicholson*, 20 Vet. App. 552, 562–63 (2007) (en banc) (enjoining the Secretary from staying processing claims at the Board pending appeal of an unfavorable court decision and ordering a contrary directive rescinded); *Servello v. Derwinski*, 3 Vet. App. 196, 200 (1992) (precluding the VA from asserting on remand that a claimant's informal claim was "not a cognizable claim for effective-date purposes"); *Manio v. Derwinski*, 1 Vet. App. 140, 143–45 (1991) (reviewing and considering equitable defenses); *Erspamer v. Derwinski*, 1 Vet. App. 3, 9 (1990) (holding that the court has the authority to issue mandamus to the Secretary under the All Writs Act); *see also Henderson v. Shinseki*, 562 U.S. 428, 441–42 (2011) (holding that the deadline for filing a notice of appeal with the Veterans Court is non-jurisdictional).

Those cases, however, either involved relief provided by *other* statutes (e.g., the All Writs Act) or interlocutory or procedural relief not comparable to the substantive, monetary relief that Appellants seek here.  It is clear that the Veterans Court has authority to grant certain forms of non-substantive equitable relief required to enable the

court to carry out its statutory grant of jurisdiction.  *See In re Bailey*, 182 F.3d 860, 864 n.4 (Fed. Cir. 1999) ("Like an Article III court, the Court of Appeals for Veterans Claims has a need to control court proceedings before it and a need to protect the exercise of its authority in connection with those proceedings."); *Monk*, 855 F.3d at 1320 (noting that the ability to certify a class "can help the Veterans Court exercise [its] authority by promoting efficiency, consistency, and fairness, and improving access to legal and expert assistance by parties with limited resources"); *cf. Estate of Branson v. Comm'r*, 264 F.3d 904, 908 (9th Cir. 2001) (stating that the Tax Court—another Article I tribunal—may exercise equitable authority within its "statutorily defined sphere"); *In re Huntington Ltd.*, 654 F.2d 578, 590–91 (9th Cir. 1981) (holding that Article I bankruptcy courts must have some measure of equitable authority because, "[w]ithout such authority, [the courts' jurisdictional statutes] would be empty jurisdictional shells and the court would be rendered impotent to advance effectively and realistically the rehabilitative purposes of the Bankruptcy Act").

But the Veterans Court cannot invoke equity to *expand* the scope of its statutory jurisdiction.  *See Comm'r v. Gooch Milling & Elevator Co.*, 320 U.S. 418, 421 (1943) (stating that, to allow a non-Article III tribunal "to give effect to an equitable defense which of necessity is based upon a determination foreign to the [tribunal's] jurisdiction would be contrary to the expressed will of Congress"); *Manio*, 1 Vet. App. at 143 ("[E]quitable doctrines could properly be asserted in cases over which an Article I court ha[s] jurisdiction but . . . care must be taken to ensure that such doctrines not be used to extend the court's statutory grant of jurisdiction."); *cf. Branson*, 264 F.3d at 908 ("The Tax Court's jurisdiction is defined and limited by Title 26 and it may not use general equitable powers to expand its jurisdictional grant beyond this limited Congressional authorization.").  Indeed, "[a] court cannot

write its own jurisdictional ticket." *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 164 (7th Cir. 1994). Appellants' argument predicated on the Veterans Court's inherent equitable powers would allow the court to do just that.

Having resolved Appellants' particular challenge in these appeals, we need not determine just how far the equitable powers of the Veterans Court, as an Article I tribunal, extend.[5] We leave that question for another day.

CONCLUSION

We sympathize with Appellants and recognize that they point to inequities in their cases. While those inequities might warrant some form of relief from the Secretary, neither we nor the Veterans Court has the authority to provide such relief.

---

[5]    At oral argument, Appellants cited to *Freytag v. Commissioner of the Internal Revenue*, 501 U.S. 868 (1991), for the proposition that *Article I* courts possess Article III powers, including equitable powers. Oral Arg. at 6:13–7:00. *Freytag*, however, involved the issue of whether an Article I tribunal can qualify as a "Court[] of Law" for purposes of the Appointments Clause. 501 U.S. at 888–90. In that context, the Supreme Court stated that Article I tribunals generally exercise the Article III judicial power of the United States. *Id.* The Court "has rejected the notion," however, "that a tribunal exercises Article III judicial power simply because it is called a court and its decisions called judgments." *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, No. 16-712, 2018 WL 1914662, at *10 (U.S. Apr. 24, 2018) (internal quotation marks omitted). In any event, the *Freytag* Court did not address Article I tribunals' equitable authority, let alone the authority to grant the relief that Appellants seek here. And, as discussed above, we need not resolve that issue.

We have considered Appellants' additional arguments and find them unpersuasive. For the reasons stated above, we affirm the Veterans Court's decisions denying relief.

**AFFIRMED**

COSTS

No costs.