NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOE A. BROWDER, JR.,**
*Claimant-Appellant*

**v.**

**PETER O'ROURKE, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1570

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-552, Chief Judge Robert N. Davis, Judge Mary J. Schoelen, Judge Coral Wong Pietsch.

---

Decided: June 11, 2018

---

JOE A. BROWDER, JR., Louisville, KY, pro se.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; BRIAN D. GRIFFIN, SAMUEL

PEARSON-MOORE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

This appeal concerns a long-running dispute over the alleged misuse of funds by a veteran's appointed fiduciary. The veteran, Joe A. Browder, Jr., has long sought a formal investigation into his allegations of misuse. The Department of Veterans Affairs ("VA") concluded, however, that no funds were missing. VA refused to initiate a formal investigation and did not allow Mr. Browder to appeal that refusal to the Board of Veterans Appeals ("Board").

Mr. Browder filed a petition for a writ of mandamus in the Court of Appeals for Veterans Claims ("Veterans Court"), seeking the ability to appeal VA's refusal to initiate a formal investigation to the Board. However, during the pendency of Mr. Browder's petition, VA did formally investigate his allegations and determined that there was no wrongdoing, which allowed Mr. Browder to appeal that decision to the Board. The Veterans Court thereafter dismissed Mr. Browder's petition as moot. *Browder v. Shulkin*, 29 Vet. App. 170, 172–73 (2017). We *dismiss* Mr. Browder's appeal.

BACKGROUND

In 2002, VA determined that Mr. Browder was incompetent to manage his own veterans benefits and appointed a fiduciary, Kenneth V. Anderson, Jr., to administer them. In December 2005, VA replaced Mr. Anderson as fiduciary. According to VA's audits, Mr. Anderson filed late accountings, took excessive commissions, and made unapproved purchases of a car and real estate. The car and real estate were both titled in Mr. Browder's name, so

these purchases were ultimately not determined to be misuse of funds. After his removal, Mr. Anderson retained $25,000 in a certificate of deposit so as not to incur early withdrawal penalties. This amount was turned over, with interest, to the new fiduciary when the certificate of deposit matured in June 2006.

As early as January 2006, Mr. Browder raised allegations with the Louisville Regional Office ("RO") that Mr. Anderson had misused funds. At that time, the RO determined that there was no evidence of misuse and that "[a]ll funds ha[d] been accounted for." J.A. 35. In a 2008 memorandum, the RO acknowledged that Mr. Anderson had engaged in "improper use and bad decision making" but concluded that all funds had been returned and that no formal misuse investigation was necessary. J.A. 38.

In the following years, Mr. Browder continued to press his allegations with the RO and the Board. VA repeatedly denied Mr. Browder's requests to initiate a formal investigation. VA has taken the position that although the results of formal misuse investigations are appealable to the Board, its decision not to initiate a formal misuse investigation is not appealable.

On February 27, 2017, Mr. Browder filed his initial mandamus petition with the Veterans Court, seeking a ruling that would entitle him to appeal VA's refusal to initiate a formal investigation to the Board. On April 4, 2017, VA again informed Mr. Browder that "[b]ecause all funds were accounted for," no formal investigation was necessary. J.A. 46. On August 30, 2017, Mr. Browder— newly represented by counsel—filed an amended petition again seeking an order that the refusal to initiate a formal investigation could be appealed to the Board. But in early October 2017, VA issued a two-page report informing Mr. Browder that a formal investigation had been conducted and that no misuse had been identified. This

allowed Mr. Browder to appeal the results of the investigation to the Board.

Because Mr. Browder had received a formal investigation and the right to appeal, the Veterans Court determined that his petition—to appeal the refusal to initiate a formal investigation—was moot. *Browder*, 29 Vet. App. at 172–73. Mr. Browder timely appealed to this court. According to Mr. Browder, in January 2018 he also appealed the results of the Secretary's investigation to the Board, which it appears has not yet rendered a decision.

## DISCUSSION

Our review of Veterans Court decisions is limited by statute to questions of law: in particular, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *accord Burris v. Wilkie*, 888 F.3d 1352, 1356 (Fed. Cir. 2018).

Mr. Browder's appeal to this court turns primarily on the application of the law of mootness to the peculiar circumstances of his petition. He does not challenge the Veterans Court's interpretation of any statute or regulation. He has identified—and we can discern—no legal error in the Veterans Court's recitation of the law of mootness, and we are without jurisdiction to review its application to the facts of this case. *See Beasley v. Shinseki*, 709 F.3d 1154, 1156–58 (Fed. Cir. 2013) (distinguishing between factual and legal challenges in the mandamus context). Even if we had jurisdiction, it appears that because the Secretary's investigation has been concluded and Mr. Browder has appealed it to the Board, Mr. Browder has received all he sought by way of his mandamus petition. Any challenge to the investigation itself can be pursued by way of that direct appeal, which we presume the Board will promptly resolve.

Mr. Browder also contends that the Veterans Court improperly failed to address other issues raised in his petition.  Having reviewed Mr. Browder's initial and amended petitions, we can find no such issues.  Neither petition challenges the legality or constitutionality of the Secretary's investigation mechanisms beyond their application to Mr. Browder's particular case, and the amended petition specifically disclaims any such challenge.  Mr. Browder also argues that the Veterans Court's July 18, 2017, scheduling order denied him the right to raise additional legal issues with that court.  But Mr. Browder materially misquotes that order, which specifically stated that he was "free to bring any factual or legal matters to the Court's attention" before requesting briefing on the merits of the mandamus petition.  J.A. 15.  We have considered Mr. Browder's other arguments and find them without merit.

## CONCLUSION

Because the case is moot, we must dismiss Mr. Browder's appeal.

## DISMISSED

### COSTS

No costs.