NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE B. CLAY,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1830

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-1311, Chief Judge Margaret C. Bartley.

---

Decided:  October 5, 2021

---

WILLIE B. CLAY, Starkville, MS, pro se.

SONIA W. MURPHY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., LOREN MISHA PREHEIM.

---

Before LOURIE, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Willie Clay appeals from the decision of the Court of Appeals for Veterans Claims ("the Veterans Court") affirming a decision of the Board of Veterans' Appeals ("the Board") deducting previously paid, non-service connected pension benefits received by Clay from subsequently awarded, retroactive service-connected disability compensation for the same time period. *See Clay v. McDonough*, No. 20-1311, 2021 WL 743875 (Vet. App. Feb. 26, 2021) ("Decision"). Because Clay raises only factual issues over which we lack jurisdiction, we *dismiss* the appeal.

BACKGROUND

Clay served on active duty in the Navy from May 1973 to January 1975. In a February 1998 rating decision, a Department of Veterans' Affairs ("VA") Regional Office ("RO") granted Clay entitlement to non-service-connected pension benefits with an effective date of April 1, 1995. After a series of subsequent rating decisions and appeals, Clay was ultimately awarded an earlier effective date of September 12, 1988.

In June 2018, Clay was granted service connection for schizophrenia. The RO assigned a 100% disability rating with an effective date of January 22, 1985. Thus, Clay was eligible for both pension benefits and compensation benefits from September 12, 1988, the effective date of the pension benefit. Because the 100% compensation benefit was higher than the pension benefit, the RO issued a lump-sum retroactive payment based on Clay's service connection for schizophrenia, minus the amount of pension benefits that Clay had previously received. After deducting amounts for the previously paid pension benefits, the VA calculated Clay's retroactive lump-sum payment to be $450,805.77. Clay appealed the VA's decision to withhold the amount of the previously paid pension benefits and, in response, the

RO issued a Statement of the Case concluding that the withholding was proper.

Clay appealed to the Board. The Board concluded that the deduction of non-service-connected pension benefits was proper because the law prohibits the receipt of concurrent payment of compensation and pension for the same period, citing 38 U.S.C. § 5304(a) (2012) and 38 C.F.R. § 3.700 (2019). Clay appealed the Board's decision, and the Veterans Court affirmed, holding that the Board's decision accords with governing law and was adequately explained. *Decision*, 2021 WL 743875, at *2. To the extent that Clay argued that he should receive both benefits based on principles of equity, the court observed that it "lacks jurisdiction to grant benefits that are not otherwise authorized by law." *Id.* (citing *Burris v. Wilkie*, 888 F.3d 1352, 1357–61 (Fed. Cir. 2018)).

## DISCUSSION

Clay appealed to this court. Our jurisdiction to review decisions of the Veterans Court is limited. We may review a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a particular case. *Id.* § 7292(d)(2).

On appeal, Clay appears principally to argue that the VA should have granted service connection for schizophrenia in 1985 rather in 2018. If it had done so, according to Clay, he never would have received non-service-connected pension benefits, and therefore the service connection payments would not have been reduced by the amount of the previously paid pension benefits.

The government responds that we lack jurisdiction over this appeal because Clay challenges only the

application of law to the facts of this case. Specifically, the government argues that the Board correctly applied the statute and regulation prohibiting payment of both pension and compensation benefits, and the interpretation of those provisions is not at issue in this appeal. Even if Clay is correct that the VA should have awarded service-connection in 1985, the government argues, the decision of the Veterans Court should be affirmed because Clay was awarded retroactive compensation to that date and therefore is not entitled to any damages.

We agree with the government that we lack jurisdiction over this appeal. The relevant statute provides that "not more than one award of pension [or] compensation . . . shall be made concurrently to any person based on such person's own service . . . ." 38 U.S.C. § 5304(a)(1). The RO applied this provision to determine that Clay's retroactive service-connection benefits must be reduced by the amount of pension benefits already paid for the same period. The Board and the Veterans Court affirmed the RO's determination but did not otherwise interpret or elaborate upon the meaning of the statute or its implementing regulation. That determination is an application of law to fact that we lack jurisdiction to review.

As for Clay's argument that the VA should have awarded service connection sooner, we agree with the government that his arguments are foreclosed by precedent. "[F]actual findings of when a disability was claimed or service connection established are not subject to our review." *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010). And to the extent that Clay implies that he is entitled to interest for the period during which retroactive benefits were awarded, "interest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from an award of interest," *Library of Cong. v. Shaw*, 478 U.S. 310, 311 (1986), and Clay has not identified any such waiver.

Clay also raises a number of other arguments regarding mistreatment during his service, allegedly lost or misplaced medical records relating to his claims, and problems with an attorney who previously represented him before the VA. But even liberally construed, these arguments are not directed to the narrow issue addressed by the Board and the Veterans Court—whether the RO properly deducted previously-paid pension benefits—and in any event relate to factual issues that we lack jurisdiction to review.

## CONCLUSION

We have considered Clay's remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.