NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEROY ALFORD,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2029

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7593, Judge Grant Jaquith.

---

Decided: April 13, 2022

---

LEROY ALFORD, Temple Hills, MD, pro se.

IN KYU CHO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before Dyk, Reyna, and Taranto, *Circuit Judges*.

Per Curiam.

Veteran Leroy Alford appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. We *affirm*.

## BACKGROUND

The appellant, veteran Leroy Alford, served in the United States Air Force from 1982 to 2006. In June 2010, Mr. Alford applied for Department of Veterans Affairs ("VA") Vocational Rehabilitation and Employment ("VR&E") benefits. The Vocational Rehabilitation and Employment (subsequently renamed "Veteran Readiness and Employment") program is intended to "provide [] all services and assistance necessary to enable veterans with service-connected disabilities to achieve maximum independence in daily living and, to the maximum extent feasible, to become employable and to obtain and maintain suitable employment." 38 U.S.C. § 3100; 38 C.F.R. §§ 21.1(a), 21.70. Thereafter, Mr. Alford received VR&E benefits until April 22, 2016, when he was notified that his benefits had been discontinued because he "ha[d] not pursued the rehabilitation services outlined in [his rehabilitation] plan and [had] not respond[ed] to [the VA's] attempt[s]" to contact him. S.A. 64–65.

On May 18, 2016, Mr. Alford requested administrative review of the discontinuance, disputing the contention that he had not responded to attempted contacts by the VA and asserting that he had been "pursuing development of a business plan." S.A. 63. The following month, he filed a claim with the VA Regional Office ("RO"), seeking a reversal of the discontinuance based on "Clear and Unmistakable Error (CUE)." S.A. 61. The RO processed Mr. Alford's claim as a notice of disagreement with the discontinuance

decision.  Upon review of his claim, the RO upheld the discontinuance, advising Mr. Alford that he would need to re-apply for VR&E benefits.

Mr. Alford appealed the RO's decision to the Board of Veterans' Appeals ("Board") on July 28, 2017.  The Board held a hearing on February 4, 2019, and on June 3, 2019, remanded the matter to the RO for further factual development.  On December 1, 2020, Mr. Alford was notified that his case had returned to the Board post-remand and that a new Veterans Law Judge ("VLJ") at the Board had been assigned to his matter.  The new VLJ held a hearing on July 7, 2021, and Mr. Alford's appeal remains pending before the Board.

While Mr. Alford's CUE claim was pending before the Board, Mr. Alford submitted a request for equitable relief to the Secretary.  Pursuant to 38 U.S.C. § 503(a), equitable relief may be available if the Secretary of the VA determines that a veteran has been denied benefits due to an administrative error.  Mr. Alford asserted that his VR&E benefits had been discontinued as a result of administrative error.  The VA acknowledged that Mr. Alford had filed a request for equitable relief, but because Mr. Alford's appeal of the discontinuation of his VR&E benefits was still pending before the Board, the VA stayed consideration of the request for equitable relief.

While both the Board appeal and request for equitable relief were pending, Mr. Alford filed a petition for a writ of mandamus from the Veterans Court ("the petition"), seeking to compel a decision on his Board appeal and request for equitable relief.  On February 26, 2021, the Veterans Court denied the petition.  *See Alford v. McDonough*, No. 20-7593 (Vet. App. Feb. 26, 2021).  The court explained that it could not issue a writ of mandamus to the Secretary as to the request for equitable relief because it was outside of the court's appellate jurisdiction.  With respect to the Board appeal, the court held that Mr. Alford was not

entitled to a writ of mandamus under the law. Specifically, the court found that Mr. Alford had not established undue delay by the Board in deciding his appeal. Mr. Alford appeals to this court. We have jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

### I

Our jurisdiction to review decisions of the Veterans Court under 38 U.S.C. § 7292 is limited. We have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." § 7292(d)(1). "Except to the extent that an appeal . . . presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." § 7292(d)(2). We have held that these limitations apply equally to but do not "insulate from our review [the Veterans Court's] decisions under the All Writs Acts ["AWA"], 28 U.S.C. § 1651(a)." *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). That is, this court has jurisdiction to review the Veterans Court's decision "whether to grant a mandamus petition that raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). For any court to grant a writ of mandamus, three requirements must be satisfied: (1) the petitioner "must have no other adequate means to attain" the desired relief; (2) the petitioner must show that the right to the relief is "clear and indisputable"; and (3) exercising its discretion, the issuing court must decide that the remedy "is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks, alterations, and citations omitted). Where the petitioner seeks

relief from "unreasonable delay" in VA proceedings, *see* 38 U.S.C. § 7261(a)(2) (providing that the Veterans Court may "compel action of the Secretary unlawfully withheld or unreasonably delayed"), the Veterans Court must also consider the factors articulated in *Telecommunications Research & Action Center v. FCC* (*TRAC*), 750 F.2d 70, 79 (D.C. Cir. 1984).[1] *See Martin v. O'Rourke*, 891 F.3d 1338, 1348 (Fed. Cir. 2018). We review denial of a petition for a writ of mandamus for abuse of discretion. *See Lamb*, 284 F.3d at 1384.

---

[1]     The six *TRAC* factors are:

> (1) [T]he time agencies take to make decisions must be governed by a 'rule of reason'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find 'any impropriety lurking behind agency lassitude' in order to hold that agency action is unreasonably delayed.

*Martin v. O'Rourke*, 891 F.3d 1338, 1344–45 (Fed. Cir. 2018) (quoting *TRAC*, 750 F.2d at 80).

## II

The Veterans Court did not abuse its discretion or commit legal error in denying Mr. Alford's petition.  Mr. Alford has not demonstrated entitlement to mandamus relief on the basis of undue delay by the Board.  The Veterans Court properly applied the *TRAC* factors in assessing whether Mr. Alford was entitled to a writ compelling the VA to process his claims.  Taken together, the Veterans Court found the *TRAC* factors weighed against issuing a writ because the Board was processing Mr. Alford's appeal and the delay was "the unavoidable result of 'practical realities of the burdened veterans' benefits system.'" S.A. 4 (quoting *Martin*, 891 F.3d at 1347).  We see no abuse of discretion or legal error in that result.

Although we deny mandamus relief, we do note that it has taken an exceptionally long time for the Board to finally resolve Mr. Alford's appeal.  It has been more than six years since Mr. Alford filed.  We assume that the Board will act promptly in deciding Mr. Alford's appeal.

It also was proper for the Veterans Court to deny mandamus relief as to Mr. Alford's request for equitable relief, since mandamus relief is only available "in aid of the jurisdiction already possessed by a court," *see Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) (quotation marks omitted), and the Veterans Court lacks appellate jurisdiction over requests to the VA for equitable relief, *see Burris v. Wilkie*, 888 F.3d 1352, 1357–58 (Fed. Cir. 2018).

Finally, Mr. Alford also asks this court to vacate the Veterans Court decision and issue a decision on the merits of his claims "de novo." Appellant's Inf. Br. at 3.  But the AWA does not expand our jurisdiction to consider the application of law to facts, *see Cox*, 149 F.3d at 1363 ("[The Act] provides for the issuance of writs 'in aid of' the jurisdiction already possessed by a court."), and in any event, mandamus in these circumstances is not a mechanism for rendering a merits decision, *see Bankers Life & Cas. Co. v.*

*Holland*, 346 U.S. 379, 383 (1953) ("The office of a writ of mandamus [may not] be enlarged to actually control the decision of the trial court rather than used in its traditional function of confining a court to its prescribed jurisdiction."); *Lamb*, 284 F.3d at 1384 (explaining that a writ of mandamus cannot be used as a substitute for an appeal).

## AFFIRMED

### COSTS

No costs.