BRYSON, Circuit Judge.
 

 Betty L. Alleman, the widow of John W. Alleman, appeals from a decision of the Court of Appeals for Veterans Claims (“the Veterans Court”) holding her ineligible for Service Disabled Veterans’ Insurance (“SDVI”) under 38 U.S.C. § 1922. Docket No. 00-242. Because we agree with the Veterans Court that Ms. Alleman is not entitled to SDVI benefits, we affirm.
 

 I
 

 Mr. Alleman served on active duty in the United States Air Force from 1953 to 1955. His military service entitled him to medical treatment from the Department of Veterans Affairs (“DVA”). In 1992, Mr. Alle-man sought treatment at a DVA medical facility because of a prostate problem. An examination report prepared at that time indicated that his prostate was not enlarged but noted the presence of a possible nodule. Mr. Alleman was scheduled for a follow-up examination, but the DVA failed to notify him of the appointment. As a result, Mr. Alleman did not receive proper follow-up. In 1994, Mr. Alleman was treated for a fractured rib and generalized pain. At that time he was given a rectal examination that revealed a malignant prostate. In June 1996, the DVA rated Mr. Alleman as 100 percent disabled because of malignant neoplasm of the genitourinary system and malignant growth of bone, and it awarded him monthly compensation in accordance with 38 U.S.C. § 1151. That statute provides that compensation shall be awarded to a veteran and the veteran’s survivors if the veteran’s disability or death was caused by negligence or other fault on the part of the DVA in providing hospital care, medical
 
 *1370
 
 treatment, or surgical treatment to the veteran.
 

 In July 1996, Mr. Alleman applied for SDVI under 38 U.S.C. § 1922. The DVA denied Mr. Alleman’s application on the ground that his disability was not service-connected and that he was therefore not eligible for the section 1922 insurance benefits. Following Mr. Alleman’s death, Ms. Alleman filed a claim for SDVI with a regional office of the DVA. The regional office denied the claim on the ground that Mr. Alleman’s disability was not service-connected. Ms. Alleman appealed that decision to the Board of Veterans’ Appeals. The Board denied Ms. Alleman’s claim for SDVI, again ruling that SDVI was not available to a veteran such as Mr. Alleman, whose disability was not sendee-connected.
 

 Ms. Alleman appealed the Board’s decision to the Veterans Court, which affirmed. Like the Board, the Veterans Court concluded that section 1922 required that the veteran’s disability be service-connected in order for the veteran to be eligible for SDVI. The court explained that Mr. Alleman was awarded disability compensation, not because his disability was service-connected, but because he suffered harm as a result of medical treatment at a DVA hospital, which entitled him to compensation under section 1151 “as if [his] disability ... were service-connected.” Because Mr. Alleman’s disability was not service-connected, the Veterans Court held that section 1922 does not make SDVI benefits available to him. Moreover, although section 1151 makes certain benefits available to veterans with non-service-connected disabilities “as if’ their disabilities were service-connected, the Veterans Court held that section 1922 benefits were not among those covered by section 1151 and that Mr. Alleman was therefore not eligible for SDVI.
 

 II
 

 Ms. Alleman first argues that her husband’s disability was service-connected. She contends that in June 1996, when the DVA determined that Mr. Alleman was disabled and entitled to compensation, it in effect granted service-connected status for his disability. We disagree. While it is true that the regional office at that time stated that “service connection for malignant growth of bone is granted,” the Board of Veterans’ Appeals and the Veterans Court made clear that the DVA was awarding Mr. Alleman compensation under 38 U.S.C. § 1151. Section 1151 does not accord service-connected status to a veteran’s disability or death, but rather provides that in certain instances a veteran’s disability or death will be treated “as if’ it were service-connected for certain purposes.
 
 See
 
 38 U.S.C. § 1151;
 
 Kilpatrick v. Principi,
 
 327 F.3d 1375, 1377 (Fed.Cir.2003). Accordingly, even though the regional office denominated Mr. Alleman’s disability as “service-connected,” the Board of Veterans’ Appeals and the Veterans Court concluded that his disability was not service-connected, and we discern no legal error in that determination.
 

 Ms. Alleman argues that the definition of compensation in. 38 U.S.C. § 101(13) requires that a disability be service-connected before “compensation” may be paid, and that because Mr. Alleman received “compensation” under section 1151, his disability must be deemed to have been service-connected. That argument also lacks merit. In order for a disability to be “service-connected,” the disability must have been incurred or aggravated “in line of duty in the active military, naval, or air service.” 38 U.S.C. § 101(16). Section 1151 does not redefine “service-connected.” Instead, it provides an exception that grants compensation for some non-service-connected disabilities, treating those dis
 
 *1371
 
 abilities for some purposes “as if’ they were service-connected.
 

 Mr. Alleman’s disability clearly was not service-connected, because it arose as a result of medical treatment at a DVA hospital rather than in line of duty. Under section 1151, Mr. Alleman was entitled to the benefits of chapter 11 of title 38, which he was awarded. The issue, then, is whether Mr. Alleman was also entitled to the benefits of section 1922 even though his disability was not service-connected.
 

 With respect to that issue, Ms. Alleman first argues that section 1922 does not require service-connection. Instead, she contends, the reference to service-connection in section 1922 is simply a time marker, establishing when an applicant must apply for SDVI. Section 1922 provides as follows in pertinent part:
 

 (a) Any person who is released from active military, naval, or air service, under other than dishonorable conditions on or after April 25, 1951, and is found by the Secretary to be suffering from a disability or disabilities for which compensation would be payable if 10 per centum or more in degree and except for which such person would be insurable according to the standards of good health established by the Secretary, shall,
 
 upon application in writing made within two years from the date service-connection of such disability is determined by the Secretary
 
 and payment of premiums as provided in this subchap-ter, be granted insurance by the United States against the death of such person occurring while such insurance is in force.
 

 38 U.S.C. § 1922(a) (emphasis added). The statute refers to the date “service-connection ... is determined” and thus by its terms requires the DVA to determine that a veteran’s disability is service-connected before the veteran can apply for SDVI. The legislative history of section 1922 confirms that it was intended to apply to veterans with service-connected disabilities. The statute was first enacted in 1951 as section 620 of the Service Life Insurance Act of 1940.
 
 See
 
 Insurance Act of 1951, § 10, Pub.L. No. 82-23, 65 Stat. 33, 36 (codified at 38 U.S.C. § 821 (1952)). The Senate Report on that legislation explained that the new section 620 “would limit the right to apply for non-participating insurance to those having a service-connected disability which would be com-pensable if 10 percent or more in degree after separation from service.... ” S.Rep. No. 82-91, at 4 (1951),
 
 reprinted in
 
 1951 U.S.C.C.A.N. 1387, 1388-89. The Conference Report expressed a similar intention to limit section 620 to service-connected disabilities. H.R. Conf. Rep. No. 82-319, at 12 (1951),
 
 reprinted in
 
 1951 U.S.C.C.A.N. at 1405, 1409 (“Section 620 provides for the issuance of insurance ... to those men who, by reason of service-connected disabilities for which compensation would be payable if 10 percent or more in degree.... ”). Thus, both the language and the legislative history of section 1922 indicate that a veteran’s disability must be service connected in order for the veteran to qualify for SDVI.
 

 Ms. Alleman makes a second argument based on section 1151. As noted above, that statute grants certain compensation to veterans with non-service-connected disabilities that are incurred as a result of treatment in DVA hospitals even though that compensation is normally only available to veterans with service-connected disabilities. However, on its face section 1151 only grants compensation under chapter 11 and chapter 13 of Title 38, and not the SDVI benefits of section 1922:
 

 (a)
 
 Compensation under this chapter [chapter 11] and dependency and indemnity compensation under chapter IS of this title
 
 shall be awarded for a qualifying additional disability or a qualifying
 
 *1372
 
 death of a veteran in the same manner as if such additional disability or death were service-connected. For purposes of this section, a disability or death is a qualifying additional disability or qualifying death if the disability or death was not the result of the veteran’s willful misconduct and—
 

 (1) the disability or death was caused by hospital care, medical or surgical treatment, or examination furnished the veteran under any law administered by the Secretary, either by a Department employee or in a Department facility as defined in section 1701(3)(A) of this title, and the proximate cause of the disability or death was—
 

 (A) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the Department in furnishing the hospital care, medical or surgical treatment, or examination; or
 

 (B) an event not reasonably foreseeable ....
 

 38 U.S.C. § 1151(a) (emphasis added).
 

 In
 
 Kilpatrick v. Principi, supra,
 
 we held that, despite the language of section 1151 that appeared to limit its scope to compensation under chapters 11 and 13 of title 38, certain housing benefits under 38 U.S.C. § 2101 were available under section 1151 to a veteran injured in a DVA hospital. 327 F.3d at 1383. In
 
 Kilpatrick,
 
 however, the language of section 2101 was itself ambiguous as to whether service-connection was a requirement. 327 F.3d at 1378-79. As discussed above, section 1922 is not ambiguous as to its requirement of service-connection.
 

 Moreover, the legislative history of section 1922 is very different from that of section 2101, the statute at issue in
 
 Kilpa-trick.
 
 The background of section 2101 made clear that the benefits of section 2101 were originally extended to veterans who were disabled as a result of medical treatment in a DVA hospital under the predecessors to sections 2101 and 1151.
 
 Kilpatrick,
 
 327 F.3d at 1380. Although the language of the pertinent statutes was modified in the course of subsequent reco-difications, there was never any indication that Congress intended to eliminate the housing benefits enjoyed by such veterans under the predecessors to section 2101.
 
 Id.
 
 at 1380-83. Accordingly, we construed the statutes to accord section 2101 benefits to veterans with disabilities falling within section 1151.
 

 By contrast, veterans disabled as a result of medical treatment in a DVA hospital have never been entitled to the benefits of section 1922 or its predecessors. The version of section 1151 that was in effect at the time the SDVI benefit was first enacted was 38 U.S.C. § 501a (1946). Section 501a provided for specified compensation benefits to be awarded to veterans disabled as a result of treatment in a DVA hospital “in the same manner as if such disability, aggravation, or death were service-connected .... ” 38 U.S.C. § 501a (1946). The insurance benefits provided in the Insurance Act of 1951 were not included in the list of benefits enumerated in the post-1951 versions of section 501a. Unlike the benefit at issue in
 
 Kilpatrick,
 
 Congress did not extend SDVI benefits to veterans with non-service-connected disabilities compensable under section 1151, and since that time Congress has never altered the relationship between section 1151 and section 1922. Accordingly, there is no basis in either the language of the pertinent statutes or their background that would justify construing section 1151 to entitle Ms. Alle-man to the benefits of section 1922. We therefore uphold the decision of the Veterans Court that Ms. Alleman is not eligible for the insurance benefits provided by section 1922 to veterans with service-connected disabilities and that section 1151 does not extend section 1922 benefits to veter
 
 *1373
 
 ans with disabilities of the kind covered by-section 1151.
 

 AFFIRMED.