NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARLAND WILLIAMSON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1770

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-526, Judge Amanda L. Meredith.

---

Decided: July 16, 2025

---

GARLAND O. WILLIAMSON, Baltimore, MD, pro se.

JOSHUA MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; MATTHEW ALBANESE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, CLEVENGER, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Garland O. Williamson challenges the decision of the United States Court of Appeals for Veterans Claims ("CAVC"), which upheld the Board of Veteran's Appeals' ("Board") dismissal of his claim to equitable relief under 38 U.S.C. § 503 for lack of jurisdiction. Mr. Williamson contends that the dismissal is in error and submits that he is entitled to equitable relief under the plain language of the statute, as well as for clear and unmistakable error ("CUE") committed by the Department of Veteran's Affairs ("VA") Regional Office ("RO") and the Board. For the following reasons, we affirm the CAVC's decision.

## BACKGROUND

Mr. Williamson honorably served in active duty in the Navy from November 13, 1963 to March 11, 1966. 1972, Mr. Williamson submitted a claim for service-connected disability. The RO denied his claim and mailed its rating decision and subsequent confirmation of denial to the incorrect address.

In 2007, Mr. Williamson filed a petition to reopen his 1972 claim. In May of 2021, nearly 50 years after filing his original claim, the Board granted Mr. Williamson a 100% service connection disability rating, effective from March 30, 1972. Mr. Williamson received retroactive payment of his benefits. In June and September of 2021, Mr. Williamson filed for equitable relief under 35 U.S.C. § 503 seeking approximately $1.7 million to compensate him for the costs of real estate losses and dependent health care during the long period when he was not in receipt of the benefits to which he was entitled. Mr. Williamson stated that he had relied, to his detri-

ment, on the denial of his 1972 claim, which he alleges was erroneous due to CUE in the RO's denial.

### The Secretary's Decision

The Executive Director of the VA's Compensation Service, on behalf of the Secretary, denied Mr. Williamson's request for equitable relief on September 30, 2021. The Secretary explained that 38 U.S.C. § 503 grants the Secretary discretion to dispense equitable relief where the veteran has (a) been deprived of his rightful benefits due to administrative error, or (b) suffered a loss due to reliance on an erroneous decision by the VA. The Secretary found that neither § 503(a) nor § 503(b) is applicable to Mr. Williamson's case. For § 503(a), the Secretary stated that recompense for disadvantageous financial decisions is not a benefit to which Mr. Williamson is entitled under the law. For § 503(b), the Secretary explained that though the Board eventually reached a different decision than the RO on Mr. Williamson's 1972 claim, there was no CUE in the RO's earlier decisions. The Secretary ended by "noting equitable relief decisions are not appealable," citing CAVC authority. Appx. 37.[1] The RO reaffirmed this denial in a December 2021 notice letter to Mr. Williamson.

### The Board's Decision

Mr. Williamson filed a notice of disagreement with the Secretary's denial and appealed to the Board for review. In October of 2022, the Board notified Mr. Williamson that it "did not have jurisdiction to review [the Secretary's] decision," but afforded time for "[Mr. Williamson] to submit additional evidence and

---

[1] "Appx." refers to the Appellant's Corrected Appendix, ECF No. 11.

argument on the jurisdiction question or to request a hearing on that question." *See* Appx. 17. Mr. Williamson declined a hearing but submitted additional written argument. Mr. Williamson stated that "he assumed, for purposes of his appeal, that the Board does not have authority to review the Secretary's decisions under 38 U.S.C. § 503." *Id.* The Board found Mr. Williamson's argument lacked merit and that CAVC precedent held that "38 U.S.C. § 503 does not provide the Board jurisdiction to review the Secretary's decisions on equitable relief claims." Appx. 18–19.

### The CAVC's Decision

Mr. Williamson appealed to the CAVC. The CAVC noted that in his appeal, Mr. Williamson did not dispute the Board's lack of reviewing authority over the Secretary's equitable decisions, but instead "raised a number of challenges to the factual and legal bases for the Secretary's 2021 [denial]" of equitable relief. Appx. 14. In dismissing his appeal, the CAVC found that Mr. Williamson's arguments ignored controlling case law, and so failed to meet his burden to establish jurisdiction. Mr. Williamson filed a motion for reconsideration, or in the alternative, a panel decision. The CAVC denied reconsideration but granted a panel decision, which upheld the CAVC's dismissal. Mr. Williamson timely appealed to this court.

### DISCUSSION

The CAVC has long held that the Secretary's discretion to provide equitable relief under 38 U.S.C. § 503 is beyond the review authority of the Board and the CAVC. *See Darrow v. Derwinski*, 2 Vet. App. 303, 306 (1992); *Zimick v. West*, 11 Vet. App. 45, 50–51 (1998). This court agrees with the CAVC's precedent. *See Burris v. Wilkie*, 888 F.3d 1352, 1358 (Fed. Cir. 2018); *Burkhart v. Wilkie*, 971 F.3d 1363, 1371 (Fed. Cir. 2020); *Andrews*

*v. McDonough*, No. 2022-1979, 2023 WL 3220216, at *1–2 (Fed. Cir. May 3, 2023).

This body of law holds that Congress, in enacting 38 U.S.C. § 511, unambiguously specified that decisions by the Secretary under § 503 are not judicially reviewable by the Board, and consequently the CAVC and this court do not have the authority to provide the requested relief. *See, e.g.*, *Burris*, 888 F.3d at 1357–62; *Andrews*, 2023 WL 3220216 at *1–2. Mr. Williamson recognized this body of law when he stated to the Board that he knew the Board lacked authority to review the Secretary's § 503 decisions. Appx. 17.

Before this court, Mr. Williamson does not challenge what the case law holds, but instead boldly challenges the correctness of that body of law, asserting that denial of judicial review of the Secretary's § 503 decisions deprives him of fundamental due process and violates, in addition, the terms of the Administrative Procedure Act ("APA"). He also argues that the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), supports his case, *see* ECF Nos. 20, 32, 34, 37, 38, and that the RO and Board committed CUE in denying his 1972 claim. However, Mr. Williamson's attempt to avoid application of settled law is unsuccessful.

Mr. Williamson has not been deprived of due process. The Secretary's grant or denial of equitable relief is undeniably discretionary. 38 U.S.C. § 503. As such, Mr. Williamson cannot show he is entitled by right to any of the equitable relief he seeks. *See Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 756 (2005) ("[T]he Due Process Clause does not protect everything that might be described as a 'benefit.'" Instead, the claimant must "have a legitimate claim of entitlement to [the benefit sought]," which cannot be so "if government officials may grant or deny it in their discretion.") (internal citation omitted). Also, "[d]ue process of law has been interpreted

to include notice and a fair opportunity to be heard." *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009). Should the Board detect a jurisdictional defect, it must notify the veteran and grant the veteran time to submit additional written argument or evidence that may remedy such defect, as well as the opportunity for a hearing. 38 C.F.R. § 20.104(c). The record shows the Board informed Mr. Williamson of the jurisdictional defect and offered him the opportunity to present additional written and oral argument. Appx. 17. Mr. Williamson declined a hearing but submitted additional written arguments on his entitlement to equitable relief, which the Board found unavailing. Appx. 17–18. Mr. Williamson was granted due process to plead his case for equitable relief. That he does not agree with the outcome does not deprive him of the due process he was fully afforded.

Mr. Williamson also cannot show that § 511, the statute denying him judicial review of the Secretary's adverse decision on his request for relief under § 503, violates the APA. Section 702 of the APA provides for judicial review of a person suffering legal wrong because of agency action, but at the same time, leaves unaffected "other limitations on judicial review," such as 38 U.S.C. § 511. 5 U.S.C. § 702. By its unambiguous terms, § 702 bars APA review of the Secretary's decisions under § 503, which are denied judicial review by § 511.

Mr. Williamson's reliance on *Loper Bright* is misplaced. *Loper Bright* held that courts may not defer to agency interpretation of laws in the manner previously permitted under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Loper Bright*, 603 U.S. at 412. The body of law that Mr. Williamson attacks, cited above, did not arise from judicial deference to agency interpretation under *Chevron*, but instead resulted from the application of traditional statutory construction cannons unaffected by *Chevron*.

"[B]ased on a plain reading of the Veteran's Court's jurisdictional statute, in conjunction with § 503 and the other [traditional statutory construction cannons] recited above, we conclude that the Veterans Court lacks jurisdiction to grant the equitable relief that Appellants seek." *Burris*, 888 F.3d at 1360. Therefore, *Loper Bright* is not relevant to this appeal.

Lastly, Mr. Williamson has failed to show the presence of any CUE. CUE claims apply to Board decisions. 38 U.S.C. § 7111. A CUE is an error that "had it not been made, would have manifestly changed the outcome." 38 C.F.R. § 20.1403(c). The Board's earlier denials of benefits based on Mr. Williamson's 1972 claim were not erroneous simply because, by way of the appeals process, the Board ultimately concluded in 2021 that Mr. Williamson was entitled to benefits for service-connected disability, retroactive to 1972.

## CONCLUSION

While we are sympathetic to Mr. Williamson's circumstances, for the reasons stated above, we affirm the CAVC's decision.

## **AFFIRMED**

### COSTS

No costs.