NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK C. JACKSON,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1679

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5406, Chief Judge Margaret C. Bartley.

---

Decided:  December 14, 2020

---

MARK C. JACKSON, Starke, FL, pro se.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Mark Jackson appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that dismissed his petitions for extraordinary relief in the nature of a writ of mandamus. We *dismiss* in part and *affirm* in part.

## BACKGROUND

Mr. Jackson served on active duty from July 1989 to July 1993. After discharge, Mr. Jackson applied for reimbursement for the cost of a computer and Vocational Rehabilitation and Education ("VRE") benefits under Chapter 31, Title 38, of the United States Code. In August 2005, the Department of Veterans Affairs ("VA") Regional Office denied Mr. Jackson's claim for reimbursement for the computer. In March 2006, the Regional Office denied Mr. Jackson's claim for VRE benefits.

Mr. Jackson appealed the August 2005 and March 2006 decisions to the Board of Veterans' Appeals ("Board"). In a decision issued on August 4, 2014, the Board affirmed the denial of reimbursement for the computer but granted the appeal as to the VRE benefits and remanded to the Regional Office to provide VRE benefits to Mr. Jackson.

Between January 2015 and July 2015, the Regional Office reopened Mr. Jackson's case and provided VRE services, including by meeting with Mr. Jackson telephonically and drafting for Mr. Jackson a plan for vocational rehabilitation. After July 2015, the Regional Office lost contact with Mr. Jackson, who did not respond to the Regional Office's multiple attempts to contact Mr. Jackson between August 2015 and January 2017. On April 3, 2017, the Regional Office closed Mr. Jackson's file

due to Mr. Jackson's lack of response to multiple contact attempts.

On August 11, 2019, and September 8, 2019, Mr. Jackson filed petitions for extraordinary relief in the nature of a writ of mandamus. The petitions appeared to seek enforcement of the Board's 2014 remand decision with respect to VRE benefits, "reimbursement for a computer," and relief for matters not related to the implementation of veterans benefits provided by the VA, such as "an order restoring his Florida truck driver's license." App'x 1.[1]

The Veterans Court determined that it had jurisdiction only over Mr. Jackson's petitions to enforce the Board's August 2014 decision. The Veterans Court further determined that because the Regional Office had reopened Mr. Jackson's VRE case and provided services, "the relief requested in his petitions [had] been provided," and there was no continuing case or controversy that the Veterans Court had jurisdiction over. App'x 2. The Veterans Court accordingly dismissed Mr. Jackson's petitions as moot.

Mr. Jackson appeals.

### DISCUSSION

First, we conclude that we have no jurisdiction over Mr. Jackson's appeal of the dismissal of his petitions as moot. We have limited jurisdiction to review appeals of decisions by the Veterans Court. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual determination by the Veterans Court. 38 U.S.C. § 7292(d)(2). Mr. Jackson contends that his petitions are not moot, arguing that the delay between the original Regional Office decisions in 2005 and 2006 and

---

[1]    "App'x" refers to the appendix attached to the government's response brief.

the Board decision in 2014 "put [him] in the position where . . . [he had] too many college credits to transfer to another school." Appellant's Mem. in Lieu Oral Arg. 1–3. This is a challenge to the Veterans Court's factual determination that the Regional Office had complied with the Board's 2014 remand order, which we have no jurisdiction to review. Mr. Jackson also argues that his petitions for enforcement of the Board's 2014 remand order raises questions under the Fourteenth Amendment, but his "characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (internal quotation marks omitted) (quoting *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999)).

Second, we affirm the dismissal of Mr. Jackson's appeal of the Veterans Court's dismissal of the writ as to the reimbursement for a computer. "This court has jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question . . . ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). In our review, "we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Id.* To obtain mandamus, Mr. Jackson must show that he "cannot adequately protect his rights through the normal appellate process." *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). "[T]he extraordinary writs cannot be used as substitutes for appeals . . . ." *Id.* (alteration in original) (citation omitted). Mr. Jackson's reimbursement claim for a computer has not been properly appealed, and mandamus cannot be used "as a substitute for the regular appeals process." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).

Third, we affirm as to the Veterans Court's dismissal of the petitions seeking relief for claims that do not relate to implementation of veterans benefits. We review whether the Veterans Court "properly declined to assert jurisdiction" de novo. *Andre v. Principi*, 301 F.3d 1354, 1358

(Fed. Cir. 2002). "[T]he Veterans Court has jurisdiction to review Secretary decisions, appealed from the Board, made 'under a law' affecting the provision of [VA-provided] benefits." *Burris v. Wilkie*, 888 F.3d 1352, 1357 (Fed. Cir. 2018). The Veterans Court correctly determined here that it lacked jurisdiction over Mr. Jackson's claims that do not relate to implementation of veterans benefits.

## CONCLUSION

We dismiss for lack of jurisdiction the appeal of the Veterans Court's mootness decision. We affirm the Veterans Court in all other respects.

**AFFIRMED IN PART, DISMISSED IN PART**

## COSTS

No costs.